UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GROVE ROAD, L.L.C.,

    Plaintiff(s),

v.

YPSILANTI COMMUNITY UTILITIES
AUTHORITY ,

    Defendant(s).

                                   /

Case No. 07-11271

Honorable Nancy G. Edmunds

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ON THE PLEADINGS, OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT PURSUANT TO FED R. CIV. P. 56(C) OR 12(B)(6)**

Plaintiff Grove Road, L.L.C. filed this action alleging that Defendant Ypsilanti Community Utilities Authority violated the Equal Protection and Due Process Clauses of the Constitution. Plaintiff also seeks a declaratory judgment that Defendant violated Michigan's Land Division Act, Mich. Comp. Laws § 560.105. Defendant claims that Plaintiff's constitutional claims are not ripe, that Plaintiff has not stated an equal protection or due process claim, and that Plaintiff is not entitled to declaratory judgment.

This matter comes before the Court on Defendant's Motion to Dismiss on the Pleadings, or, in the Alternative, for Summary Judgment Pursuant to Fed R. Civ. P. 56(c) or 12(b)(6). For the following reasons, Defendant's 12(b)(6) motion to dismiss for failure to state a claim is GRANTED.

**I.    Facts**

Plaintiff owns a vacant fourteen acre parcel of property in Ypsilanti Township. Plaintiff wishes to build a forty-unit condominium development on the site. Defendant provides water and waste water services to the Ypsilanti area and controls an existing twenty-four inch water main that crosses Plaintiff's property. The water main serves thousands of households and businesses. As part of its Waste Master Plan, Defendant plans to replace the existing water main with a thirty-six inch main in 2012 or 2013.

In early 2004, Plaintiff sought approval for the condominium development project and submitted a proposal to Ypsilanti Township. Plaintiff submitted its proposal under Article XIX of the Ypsilanti Charter Township Code, which requires "technical reviews" by various agencies, including Defendant. Defendant reviewed the plans and, although it found the plans acceptable, submitted the following recommendation to the Assessors Office:

> [T]here are several issues that remain to be resolved. The most significant point that must be addressed is related to the water main that runs through an easement in the rear yards of the proposed lots 25 through 41. . . . Our engineers have noted that the large 24" water main carries water at a high pressure and the main is getting old. They have advised us that the water main will be a hazard to homes built on the resulting lots if the houses are built to the edge of the easement.

Incorporating the recommendations from Defendant and various other agencies, the Assessors Office Staff Report recommended "approval of the site plan . . . with the following conditions: 1) All issues related to the water main and other utilities in the rear yards of lots 25 through 41 must be resolved prior to submittal of the final plans."

The Ypsilanti Planning Commission also was concerned about the water main, and recommended to the Charter Township of Ypsilanti Board of Trustees ("Board") that it should deny Plaintiff's preliminary site plan. Nonetheless, at a regular meeting on May 17,

2005, the Board approved the preliminary site plan "contingent upon . . . the developer address[ing] the high-pressure water main issue."

At this point, it appears that Plaintiff and Defendant entered into a series of negotiations to resolve the water main issue. Defendant addressed two main areas of concern. First, Defendant was concerned about the proximity of Plaintiff's proposed development to the water main. Under Plaintiff's initial proposal, the main would be eight feet from "the rear line of the proposed building envelopes." While Plaintiff was willing to alter its plans to create a thirteen foot separation, Defendant required a minimum distance of twenty-five feet. Defendant required the set back because it felt that construction too close to the main "could likely adversely impact the existing water main and . . . the integrity of the water main and result in a failure," which would expose "the health, safety and welfare of our customers" to great risk. Second, Defendant required a new thirty-six inch water main to be installed adjacent to the existing main. In addition to the safety reasons noted above, Defendant wanted the new main installed concurrently with construction to avoid tearing up the condominiums' yards in six years' time.

Defendant proposed various scenarios to pay for the new water main, ranging from Plaintiff bearing the entire cost to Plaintiff and Defendant splitting the cost. Plaintiff rejected these proposals and initiated this lawsuit. This matter is now before the Court on Defendant's motion dismiss on the pleadings or, in the alternative, for summary judgment.

## II. Analysis

Defendant's motion rests on four grounds. First, Defendant claims Plaintiff's claims are not ripe because: i) Plaintiff did not appeal Defendant's decision to the board of zoning appeals, ii) Defendant is not the "government entity charged with implementing the

regulation," and iii) Plaintiff has not pursued inverse condemnation proceedings in state court.  Second, Defendant argues Plaintiff has not made the required showing to support a § 1983 claim based on the Equal Protection Clause.  Third, Defendant claims Plaintiff has not made the required showing to support a § 1983 claim based on the Due Process Clause.  Finally, Defendant asserts Plaintiff is not entitled to a declaratory judgment with respect to the Land Division Act because Plaintiff proposed its development under the Condominium Act.

**A. Standard of Review**

Defendant presents its motion as resting on three procedural grounds: Federal Rules of Civil Procedure 12(b)(6), 12(c), and 56(c).  The Court will consider Defendant's Rule 12 motions first.  Rule 12(b)(6) provides for dismissal when a plaintiff fails to state a claim upon which relief can be granted.  Rule 12(c) provides for a judgment on the pleadings, and the standard of review is the same standard applicable to a 12(b)(6) motion.  *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001).  When matters outside the pleading are presented to and not excluded by the Court in a 12(b)(6) or 12(c) motion, the Court will treat the motion as one for summary judgment.  Fed. R. Civ. P. 12(b), (c).  Plaintiff asserts that Defendant has presented matters outside the pleadings (in the form of exhibits), and that the Court accordingly should treat Defendant's motion as one for summary judgment under Rule 56.

Defendant's exhibits, however, are not matters outside the pleadings.  In certain circumstances, "a document that is not formally incorporated by reference or attached to a complaint may still be considered part of the pleadings.  This occurs when a document is referred to in the complaint and is central to the plaintiff's claim."  *Greenberg v. Life Ins.*

4

*Co. of Virginia*, 177 F.3d 507, 514 (6th Cir.1999)(citations omitted). Defendant's exhibits consist of agency reports regarding Plaintiff's planned development (or correspondence that summarizes such reports), a copy of relevant local ordinances, and the minutes of the meeting where the Board approved Plaintiff's development. Each of these documents is referred to in Plaintiff's complaint and is central to Plaintiff's claim. *See* Complaint at ¶ 16 ("The Township disseminated Plaintiff's site plans to various agencies and representatives . . . seeking their approval or denial of the proposed site plans"); ¶ 20(B) ("the condition exceeded the scope of the Township's authority under the Township's ordinances"); ¶ 17 ("site plan approval for the Project . . . was ultimately granted on or about May 17, 2005"). In light of the above, Defendant has not presented matters outside the pleadings. The Court, therefore, will not treat Defendant's 12(b)(6) motion as a motion for summary judgment.

### 1. 12(b)(6) Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. In a light most favorable to Plaintiff, the Court must assume that Plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief. *See Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Federal Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996); *Forest v. United States Postal Serv.*, 97 F.3d 137, 139 (6th Cir. 1996).

This standard of review "'requires more than the bare assertion of legal conclusions.'" *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir. 1997) (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The complaint must include direct or indirect allegations "respecting all the material elements to sustain a

recovery under *some* viable legal theory." *See In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citations omitted).

### B. Plaintiff's Claims

Plaintiff submitted its development plan for a planned development ("PD") under Article XIX of the Ypsilanti Charter Township Code. Under this ordinance, a number of steps are required for a development plan to be approved. First, a developer must submit and obtain approval for a "PD stage I preliminary site plan." § 1916. This process involves a number of steps. § 1917 requires a preliminary site plan review. As part of this review, the Township disseminates the plan to various agencies for "technical reviews." These agency reviews are submitted to the township community and economic development department. § 1917(2). Once all required technical information is provided, the application is forwarded to the planning commission. *Id.*

The planning commission then holds a public hearing on the proposed development. *Id.* at (3)(b). After the hearing, the planning commission makes a recommendation to the Board to approve, approve with conditions, or deny the request. *Id.* at (4). The Board is the body that ultimately approves or denies a preliminary site plan, and it "may impose reasonable conditions with the approval of a PD." *Id.* at (5)(c).

Once a developer obtains approval for the "PD stage I preliminary site plan," it must obtain approval for a "PD stage II final site plan." § 1918(6). The final site plan is presented to the planning commission, which in turn makes a recommendation to the

Board. As with the stage I plans, the Board is the entity that ultimately approves or denies a "PD stage II final site plan."[1] § 1919(1)(a).

Based on these provisions, the ultimate authority to approve or deny a proposed development, or to attach conditions to the approval of a development, rests with the Board. Defendant is but a small and preliminary link in the entire process. Defendant recommended approval of Plaintiff's proposed plan. Despite this, the planning commission recommended that the Board deny Plaintiff's proposal. Nonetheless, the Board approved Plaintiff's proposal. This chain of events clarifies Defendant's role in the process: one of many agencies that makes a non-binding recommendation early in the process.

Plaintiff implicitly conceded this in its complaint when it noted that "Defendant YCUA *recommended* preliminary site plan approval." Plaintiff proceeds to assert, however, that Defendant is the entity that required the 25-foot setback and the water main replacement. Plaintiff's exhibits belie this assertion. Plaintiff has submitted letters from Orchard, Hiltz & McCliment, an engineering firm that acts as a consultant to the Ypsilanti Township Director, David Nicholson. The consulting firm wrote, "this office will not recommend approval of the detailed engineering plans or schedule a preconstruction meeting until . . . at least 25 feet of separation exists between the proposed 36" watermain and the nearest existing structure." Accordingly, Plaintiff's claim that Defendant required the 25 foot separation must fail.

---

[1] § 1918(6) requires stage II site plans to be submitted in accordance with § 2115. Under § 2115(2)(f), condominium developments "require the review and approval of both preliminary and final plans by the planning commission and township board."

7

Based on the foregoing, Defendant is not the entity responsible for the conditions attached to the preliminary approval or for Plaintiff's failure to obtain final site plan approval. Even assuming Plaintiff's factual allegations are true, Plaintiff has not established that Defendant is the entity responsible for Plaintiff's alleged injuries. Accordingly, Plaintiff has failed to state a claim on which relief can be granted. While Plaintiff may have valid constitutional claims against other parties, it has not established such claims against Defendant.

**III. Conclusion**

For the above-stated reasons, Defendant's motion to dismiss pursuant to Rule 12(b)(6) is GRANTED.


                                s/Nancy G. Edmunds
                                Nancy G. Edmunds
                                United States District Judge

Dated: November 6, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 6, 2007, by electronic and/or ordinary mail.

                                s/Carol A. Hemeyer
                                Case Manager